Lawrence Spasojevich, Esq. (LS 1029)
*Attorney for Plaintiff*
9224 Queens Boulevard #740010
Rego Park, New York 11374
Email: ls@spasojevichlaw.com
Telephone: (914) 487-3592

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

ELSON CASIANO,

                                                                  CASE NO.   7:22-cv-10687

                                    Plaintiff,            **COMPLAINT**

-against-


SONIX CARRIERS INC.,


                                                                  ECF Case,

                          Defendant(s).

---

Plaintiff, ELSON CASIANO, on behalf of Plaintiff, by and through the undersigned

attorneys, Lawrence Spasojevich, Esq., hereby files this Complaint against Defendant(s), SONIX

CARRIERS INC. and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendant(s): (1) unpaid wages at the minimum wage rate (2) unpaid wages at the overtime wage rate; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiff further alleges that under the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendant(s): (1) unpaid wages at the minimum wage rate; (2) unpaid wages at the overtime wage rate; (3) statutory penalties; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337, and 1343, and has supplemental jurisdiction over Plaintiff state law claims under 28 U.S.C. § 1367.

4.      Venue is proper in the SOUTHERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff, ELSON CASIANO, is an adult resident of Rockland County, New York.

6.      Upon information and belief, Defendant, SONIX CARRIERS INC., is a domestic business corporation, organized and existing under the laws of the State of New Jersey, with a place of business within New York State located at 9 Perlman Drive, Suite 108, Spring Valley, New York 10977.

7.      At all relevant times, Defendant, SONIX CARRIERS INC., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

8.      At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant(s).

9.      At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiff the minimum wage rate for all hours worked in a workweek in contravention of the FLSA and NYLL.

10.     At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiff the overtime wage rate for all hours worked over forty (40) hours in a workweek in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

11.     Upon Plaintiff's recall and recollection, Plaintiff was employed by Defendant from on or about October of 2020, until on or about October of 2022.

12.     Upon Plaintiff's recall and recollection, throughout this time, Plaintiff was compensated at three different rates during his time as Defendant's employee.

13.     Upon Plaintiff's recall and recollection, the first period ("Period One"), began on or about October of 2020 and lasted until on or about August of 2021.

14.     Upon Plaintiff's recall and recollection, during Period One, Plaintiff worked seven (7) days per week. Each workday began at 8:00AM and generally ended at 11:00PM.

15.     However, upon Plaintiff's recall and recollection, Plaintiff was required to remain "on-call" at all hours: seven (7) days per week, twenty-four (24) hours per day. He was required to always remain near a computer in order to access Defendant's system when handling a call.

16.     Upon Plaintiff's recall and recollection, during Period One, Defendant compensated Plaintiff at a rate of $500.00 per week.

17.     Upon Plaintiff's recall and recollection, the second period, ("Period Two"), began on or about August of 2021, and lasted until on or about December 2021.

18.     Upon Plaintiff's recall and recollection, during period Two, Plaintiff worked seven (7) days per week. Each workday began at 8:00AM and generally ended at 11:00PM.

19.     However, upon Plaintiff's recall and recollection, Plaintiff was required to remain "on-call" at all hours: seven (7) days per week, twenty-four (24) hours per day. He was required to always remain near a computer in order to access Defendant's system when handling a call.

20.     Upon Plaintiff's recall and recollection, during Period Two, Defendant compensated Plaintiff at a rate of $1,500.00 per week.

21.     Upon Plaintiff's recall and recollection, the third period ("Period Three"), began on or about December 20, 2021, and lasted until on or about October of 2022.

22.     Upon Plaintiff's recall and recollection, during Period Three, Plaintiff reported to the office five (5) days per week. Plaintiff would remain in the office from 8:00AM until 5:00PM.

23.     Then, upon Plaintiff's recall and recollection, Plaintiff would continue to work from home until about 9:00PM or later if required.

24.     However, upon Plaintiff's recall and recollection, Plaintiff was required to remain "on-call" at all hours: seven (7) days per week, twenty-four (24) hours per day. He was required to always remain near a computer in order to access Defendant's system when handling a call.

25.     Upon Plaintiff's recall and recollection, during Period Three, Plaintiff was compensated at a rate of $2,500.00 per week from December 20, 2021, until on or about April of 2022.

26.     Upon Plaintiff's recall and recollection, during Period Three, from on or about April of 2022, until on or about October of 2022, Plaintiff was compensated at a rate of $1,250.00 per week.

27.     Defendant(s) did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

28.    Plaintiff was not properly compensated wages at the minimum wage rate for all hours worked over forty (40) in a workweek.

29.    Plaintiff was not properly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

30.    Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked at the minimum wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

31.    Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked over forty (40) hours in a workweek at the overtime wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

32.    At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendant(s) failed to maintain accurate and sufficient time records.

33.    Defendant(s) did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

34.    Upon information and belief, this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the minimum wage rate for all hours worked and overtime wage for all hours worked over forty (40) hours in a workweek.

35.    Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

36.    Plaintiff has been substantially damaged by the Defendant(s)' wrongful conduct.

**COUNT 1**
**[Violation of the Fair Labor Standards Act]**

37.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "36" of this Complaint as if fully set forth herein.

38.     At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39.     At all relevant times, Defendant(s) employed Plaintiff within the meaning of the FLSA.

40.     Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

41.     Plaintiff was entitled to be paid for all hours worked in a workweek at the minimum wage rate as provided for in the FLSA.

42.     Defendant(s) failed to pay Plaintiff compensation in the lawful amount for all hours worked in a workweek as provided for in the FLSA.

43.     At all relevant times, Defendant(s) had and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked in a workweek at the minimum wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

44.     Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked at the minimum wage rate when Defendant(s) knew or should have known such was due and that non-payment of the minimum wage rate would financially injure Plaintiff.

45.     Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a workweek at the overtime wage rate as provided for in the FLSA.

46.     Defendant(s) failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in a workweek as provided for in the FLSA.

47.     At all relevant times, Defendant(s) had and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

48.     Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by the failure to compensate Plaintiff for all hours worked over forty (40) hours in a workweek at the overtime wage rate when Defendant(s) knew or should have known such was due and that non-payment of an overtime rate would financially injure Plaintiff.

49.     Defendant(s) have failed to make, keep and preserve records concerning each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

50.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant(s). Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

51.     Defendant(s) failed to properly disclose or apprise Plaintiff of the rights under the FLSA.

52.     As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

53.     Due to the intentional, willful and unlawful acts of the Defendant(s), Plaintiff suffered damages in and entitled to an award of, an amount not presently ascertainable of unpaid wages at the minimum wage rate, unpaid wages at the overtime wage rate and, an equal amount as liquidated damages, and prejudgment interest.

54.     Plaintiff is also entitled to an award of its reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

55.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "54" of this Complaint as if fully set forth herein.

56.     The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiff.

57.     Defendant(s), pursuant to policies and practices, refused and failed to pay the earned wage at the minimum wage rate to Plaintiff for all hours worked.

58.     By failing to compensate Plaintiff a wage at the minimum wage rate for all hours worked, Defendant(s) violated Plaintiff's statutory rights under the NYLL.

59.     Defendant(s), pursuant to policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in a workweek.

60.     By failing to compensate Plaintiff a wage for all hours worked over forty (40) hours in a workweek at the overtime wage rate, Defendant(s) violated Plaintiff's statutory rights under the NYLL.

61.     The preceding conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

62.     Therefore, Defendant(s) knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation at the minimum wage rate for all hours worked and payment for all hours worked over forty (40) hours in a workweek at the overtime wage rate.

63.     Due to the Defendant(s)' NYLL violations, Plaintiff is entitled to recover from Defendant(s) unpaid wages at the minimum wage rate, unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and§ 198.

64.     Plaintiff also seeks liquidated damages pursuant to NYLL § 663(1).

## COUNT 3
### [Failure to provide a Wage Notice]

65.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "64" of this Complaint as if fully set forth herein.

66.     The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular payday.

67.     Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

68.     Through the knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

69.     Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plaintiff with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4
### [Failure to provide Wage Statements]

70.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "69" of this Complaint as if fully set forth herein.

71.     Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

72.     Through knowingly or intentionally failing to provide the Plaintiff with a precise wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

73.     Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a)     An award of unpaid wages at the minimum wage rate due under the FLSA;

(b)     An award of unpaid wages at the overtime wage rate due under the FLSA;

(c)     An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the minimum wage rate and overtime wage rate pursuant to 29 U.S.C. § 216;

(d)     An award of unpaid wages at the minimum wage rate under the NYLL;

(e)     An award of unpaid wages at the overtime wage rate under the NYLL;

(f)     An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages at the minimum wage rate, failure to pay wages at the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
        December 19, 2022

                              Respectfully submitted


                              By: _Lawrence Spasojevich_
                                  Lawrence Spasojevich (LS 1029)

Pg. 11